**Certificate to be Attached to Documentary Evidence Accompanying
Requisitions in the United States for Extradition**

### AMERICAN FOREIGN SERVICE

Sarajevo, Bosnia and Herzegovina, September 23, 2016

I, Corey M. Gonzalez, Consul of the United States of America in Sarajevo,

Bosnia and Herzegovina, hereby certify that the annexed papers, being extradition

documents proposed to be used upon an application for the extradition from the

United States of Dževad Pajazetović, charged with the crime of "murder" alleged to

have been committed in Bosnia and Herzegovina, are properly and legally

authenticated so as to entitle them to be received in evidence for similar purposes of

the tribunals of Bosnia and Herzegovina, as required by Title 18, United State Code,

Section 3190.

In witness whereof I hereunto sign my name and cause my seal of office to be

affixed this 23rd day of September, 2016.

Corey M. Gonzalez

Consul of the United States of America
U.S. Embassy Sarajevo

GOVERNMENT
EXHIBIT

**Exhibit 1**

4:21-MC-014

PENGAD 800-631-6989


**Sarajevo, 30 August 2016**

**TO: DEPARTMENT OF JUSTICE OF THE UNITED STATES OF AMERICA**

**FROM: MINISTRY OF JUSTICE OF BOSNIA AND HERZEGOVINA**

**SUBJECT:** **Request for the extradition of PAJAZETOVIĆ DŽEVAD from the United States of America to Bosnia and Herzegovina**

**Reference number of the Bosnia and Herzegovina Ministry of Justice: 08-14-7-5553/16**


The Ministry of Justice of Bosnia and Herzegovina presents its compliments to the Department of Justice of the United States of America.

Pursuant to provisions of the Treaty on Extradition concluded between the Kingdom of Serbia and the United States of America from 12/25 October 1901, taken over from the former SFR Yugoslavia by Bosnia and Herzegovina, and the hitherto cooperation between Bosnia and Herzegovina and the United States of America in the field of international legal assistance, and in accordance with Article 57 of the Law on Mutual Legal Assistance in Criminal Matters, the Minister of Justice of Bosnia and Herzegovina has the honour to submit to the Department of Justice of the United States of America an


**EXTRADITON REQUEST**


For **Pajazetović Dževad**, father's name Mujo, citizen of Bosnia and Herzegovina, born on 05 October 1962 in Velika Kladuša. Upon request of the Cantonal Court in Velika Kladuša, which issued an order for the issuing of an international arrest warrant, the above-named person is wanted for the purpose of execution of a prison sentence of 11 (eleven) years, pronounced by a Ruling of the Supreme Court of the Federation of Bosnia and Herzegovina number: Kž. 294/00 from 12 December 2000, the punishment decision of which reversed the Ruling of the Cantonal Court in Bihać number: K.151/97 from 10 October 1999, for the criminal offense of "murder" referred to in Article 171, paragraph 2, item 6 of the Criminal Code of the Federation of Bosnia and Herzegovina.

CETTE DEFINITION EST IDENTIQUE A SON ORIGINE
SI ATTESTELLA CONFORMILA ALL'ORIGINALE DEL TESTO TRADOTTO
PREVOD JE VERODOSTOJEN IZVIRNIKU
DENNA OVERSATTNING OVERENSSTAMMER MED ORIGINALET
ЭТОТ ПЕРЕВОД ОТВЕЧАЕТ ИСТОЧНИКУ

Sarajevo, Trg BiH br. 1 Tel: + 387 33 281 556, fax: + 387 33 201-653

Rukovodilac Prevodilačke službe/Head of Translation Service:

**ENCLOSURE:**

1. Request of Municipal Court in Velika Kladuša number: 23 0 K 007083 00 lks from 12 August 2016 for the extradition of convicted Pajazetović Dževad:

2. Ruling of the Cantonal Court in Bihać, number: K.151/97 from 10 October 1999;

3. Ruling of the Supreme Court of the Federation of Bosnia and Herzegovina number Kž.294/00 from 12 October 2000;

4. Order of the Cantonal Court in Bihać number: K.151/97 from 19 December 2000 for the execution of a prison sentence against the wanted person, Pajazetović Dževad;

5. Document of the Velika Kladuša Police Station number: 05-04/09-1-1-3-442/16 from 11 August 2016 with criminal records data for the wanted person, Pajazetović Dževad;

6. Copy of the ID Card Record Sheet with a photography and fingerprint of the wanted person, Pajazetović Dževad, issued on 25 December 1986;

7. Copy of the ID Card Record Sheet with a photography and fingerprint of the wanted person, Pajazetović Dževad, issued on 12 December 1996.


The Ministry of Justice of Bosnia and Herzegovina avails itself of this opportunity to renew to the Department of Justice of the United States of America the assurances of its highest consideration and its gratitude for cooperation.


*[seal:*
*Bosnia and Herzegovina*
*Ministry of Justice*
*Sarajevo]*

**M I N I S T E R**
*[signature illegible]*
**Josip Grubeša**


*Enclosure: as in the text above (7 documents and their 7 translations in English language);*

PREVOD JE VJERODOSTOJAN IZVORNIKU/ПРЕВОД ЈЕ БЈЕРОДОСТОЈАН ИЗВОРНИКУ
THIS TRANSLATION IS IDENTICAL TO ITS ORIGINAL
DIESE ÜBERSETZUNG IST DEM ORIGINAL IDENTISCH
CETTE DÉFINIT **Sarajevo, Trg BiH br. 1 Tel: +387 33 281 556, fax: + 387 33 201-651**
SI ATTESTI LA CONFORMITA AI T ORIGINALE DEL TESTO TRADOTTO
PREVOD JE VERODOSTOJEN IZVIRNIKU
DENNA OVERSÄTTNING OVEREVSSTÄMMER MED ORIGINALET
ЭТОТ ПЕРЕВОД ОТВЕЧАЕТ ИСТОЧНИКУ

Rukovodilac Prevodilačke službe/Head of Translation Service:
**EXT-PAJAZETOVIC-0003**


**Sarajevo, 30.08.2016.godine.**

**ZA: MINISTARSTVO PRAVDE SJEDINJENIH AMERIČKIH DRŽAVA**

**OD: MINISTARSTVA PRAVDE BOSNE I HERCEGOVINE**

**PREDMET: Molba za izručenje PAJAZETOVIĆ DŽEVADA iz Sjedinjenih Američkih Država u Bosnu i Hercegovinu**

**Referentni broj Ministarstva pravde Bosne i Hercegovine: 08-14-7-5553/16**

     *Ministarstvo pravde Bosne i Hercegovine izražava poštovanje Ministarstvu pravde Sjedinjenih Američkih Država.*

     *U skladu s odredbama Konvencije o izdavanju krivaca zaključene između Kraljevine Srbije i Sjedinjenih Američkih Država od 12/25 X 1901.godine, koju je od bivše SFR Jugoslavije preuzela Bosne i Hercegovina, te dosadašnje suradnje između Bosne i Hercegovine i Sjedinjenih Američkih Država na planu međunarodne pravne pomoći, a na temelju članka 57. Zakona o međunarodnoj pravnoj pomoći u kaznenim stvarima, ministar pravde Bosne i Hercegovine ima čast da Ministarstvu pravde Sjedinjenih Američkih Država podnese*

## MOLBU ZA IZRUČENJE

     **Pajazetović Dževada**, *sina Muje, državljanina Bosne i Hercegovine, rođenog 05.10.1962.godine u Velikoj Kladuši. Na zahtjev Općinskog suda u Velikoj Kladuši, koji je izdao naredbu za raspisivanje međunarodne potjernice, imenovani je predmet potrage u svrhu izvršenja kazne zatvora u trajanju od 11 (jedanaest) godina, izrečene presudom Vrhovnog suda Federacije Bosne i Hercegovine broj: Kž.294/00 od 12.12.2000. godine, kojom je, u odluci o kazni, preinačena presuda Županijskog suda u Bihaću broj: K.151/97 od 10.10.1999. godine, zbog kaznenog djela "ubojstvo" iz članka 171. stavak 2. točka 6. Kaznenog zakona Federacije Bosne i Hercegovine.*

**PRILOG:**

1. *Zahtjev Općinskog suda u Velikoj Kladuši broj: 23 0 K 007083 00 Iks od 12.08.2016. godine za ekstradiciju osuđenog Pajazetović Dževada;*

2. *Presuda Županijskog suda u Bihaću broj: K.151/97 od 10.10.1999. godine;*

3. *Presuda Vrhovnog suda Federacije Bosne i Hercegovine broj: Kž.294/00 od 12.12.2000. godine;*

4. *Naredba Županijskog suda u Bihaću broj: K.151/97 od 19.12.2000. godine za izvršenje zatvorske kazne nad potraživanim Pajazetović Dževadom;*

5. *Akt Policijske stanice Velika Kladuša broj: 05-04/09-1-1-3-442/16 od 11.08.2016. godine s podacima iz kaznene evidencije za potraživanog Pajazetović Dževada;*

6. *Kopija kartona osobne iskaznice s fotografijom i otiskom prsta potraživanog Pajazetović Dževada izdate 25.12.1986. godine;*

7. *Kopija kartona osobne iskaznice s fotografijom i otiskom prsta potraživanog Pajazetović Dževada izdate 12.12.1996. godine.*

Ministarstvo pravde Bosne i Hercegovine koristi i ovu priliku da Ministarstvu pravde Sjedinjenih Američkih Država ponovno izrazi poštovanje i zahvalnost za suradnju.



MINISTAR

Josip Grubeša

*Prilog: kao u tekstu molbe (7 akata i 7 njihovih prijevoda na engleski jezik);*



BOSNIA AND HERZEGOVINA
FEDERATION OF BOSNIA AND HERZEGOVINA
UNA-SANA CANTON
MUNICIPAL COURT IN VELIKA KLADUŠA
No. 12 K 007083 00 Iks
Velika Kladuša, 12 August, 2016

## EXTRADITION REQUEST FOR CONVICTED DŽEVAD PAJAZETOVIĆ

I, Jasmina Miljković, am a citizen of Bosnia and Herzegovina and a judge in Bosnia and Herzegovina since 1 December, 2008. My present duty of the President of the Municipal Court in Velika Kladuša includes execution of imprisonment punishments for persons with legally valid verdicts for violations of Criminal Code of Federation of Bosnia and Herzegovina.

In connection with my judicial duties, I am aware that Dževad Pajazetović, in the criminal case of the Cantonal Court in Bihać, no. K: 151/97, by the verdict dated on 20 October, 1999, was convicted for the criminal offence of murder stipulated in Article 171, para 2, line 6 of the Criminal Code of Federation of Bosnia and Herzegovina and punished by imprisonment for 15 (fifteen) years. After the appeal of convicted Dževad Pajazetović's defense this verdict was changed by the Supreme Court of the Federation of Bosnia and Herzegovina no. Kž. 294/00, dated on 12 December, 2000, and Dževad Pajazetović was convicted to the punishment of imprisonment for 11 (eleven) years. The time that convicted Dževad Pajazetović has spent in custody from 18 December, 1995 to 10 April, 1996, was calculated into the duration of the punishment by imprisonment of 11 (eleven) years.

The facts on the file and both verdicts show that Dževad Pajazetović had, on 24 October, 1994, about 13:00 hrs, in a village of Velika Kladuša municipality, tried to transfer illegally 200 liters of fuel from Republic of Croatia. When he was stopped by a military police officer Derviš Okić and asked him to hand over 20 liters for the needs of the Brigade, Dževad Pajazetović confronted him. Military police officer had fired three rounds into the ground in front of Dževad Pajazetović, thus warning him, and Dževad Pajazetović responded by fire in two short bursts and shot military police officer Okić Derviš, causing him injuries in the height of third or fourth rib to the right, in the height of the front axillary line, as well as gunshot wound above the left knee with the fracture of femur, which caused Okić Derviš's immediate death. This state of facts was determined during the trial and was stated in a legally valid verdict. By the order of Cantonal Court in Bihać, no. K: 151/97, dated on 19 December, 2000, to Municipal Court in Velika Kladuša, under whose jurisdiction is the area where the convicted Dževad Pajazetović resided, it was ordered that the legally valid punishment of imprisonment of 11 (eleven) years is to be executed over the convicted person. This punishment was not executed until the present day since the convicted Dževad Pajazetović had escaped after being released from custody during the trial in Cantonal Court, and was

located in the USA.

At the time of the trial, as well as the time when this criminal offence was committed, this crime was described in the Criminal Code of Federation of Bosnia and Herzegovina, in Article 171, that states: (1) Whosoever deprives another person of his life shall be punished by imprisonment for a minimum term of five years. (2) The liability to imprisonment for a minimum term of ten years or to long-term imprisonment shall be imposed on any person who: 1) cruelly or insidiously deprives another person of his life, 2) deprives another person of his life and with premeditation endangers another person, 3) violently and carelessly deprives another person of his life, 4) deprives another person of his life on racial, national or religious grounds, 5) deprives another person of his life through greed, to commit or conceal another criminal offence, or for any other base motive, 6) takes the life of an official or military person in the exercise of his duty in safeguarding of Federation or public peace, apprehending an offender of any criminal offence or guarding any person deprived of liberty, or who takes the life of a person while performing these duties of social protection.

Article 37 of the Criminal Code of Federation of Bosnia and Herzegovina states 1) Imprisonment may not be shorter than 15 days or longer than 15 years.

Article 38 of the Criminal Code of Federation of Bosnia and Herzegovina states 1) For the gravest forms of serious criminal offences committed with intent, long-term imprisonment may be exceptionally prescribed. 2) Long-term imprisonment may never be prescribed as the sole principal punishment for a particular criminal offence. 3) Long-term imprisonment is prescribed for a term of twenty to forty years.

Currently valid Criminal Code of Federation of Bosnia and Herzegovina stipulates the criminal offence of murder in Article 166 of the Criminal Code, in the same manner as it was stipulated in previously valid Article 177, with the same imprisonment terms.

Considering that Dževad Pajazetović is on the run since he was released from custody on 10 April, 1996, and was trialed in absence, and the Verdict of the Cantonal Court in Bihać no. K: 151/97, dated on 20 October, 1999, as well as the Verdict of the Supreme Court of the Federation of Bosnia and Herzegovina no. Kž: 294/00, dated on 12 December, 2000, were reached, by the order of Cantonal Court in Bihać, no. K: 151/97, dated on 19 December, 2000, to Municipal Court in Velika Kladuša, it was ordered that the legally valid punishment of imprisonment of 11 (eleven) years is to be executed over the convicted Dževad Pajazetović, we hereby deliver you these documents with translations, as well as criminal record data for convicted Dževad Pajazetović no. 05-04/09-1-1-3-442/16, dated on 11 August, 2016, with a recorded legally valid verdict. For the identification of Dževad Pajazetović, we deliver you the authorized copy of Identity card file with a photograph, dated on 25 December, 1986, as well as the authorized copy of Identity card file with a photograph, dated on 12 December, 1996.

There are no other photographs of Dževad Pajazetović, nor the possibility for this Court to identify him through other documents, except these two of Identity card files.

I hereby state that all of the above motioned is the truth in the best of my knowledge, and in the name of Bosnia and Herzegovina, Federation of Bosnia and Herzegovina, I kindly ask you to extradite Dževad Pajazetović to Bosnia and Herzegovina, Federation of Bosnia and Herzegovina, in order to have him serve a legally valid punishment of imprisonment of 11 (eleven) years, into which the time he had spent in custody from 18 December, 1995 to 10 April, 1996, will be calculated.

I have attempted to submit all necessary evidence for the extradition to be approved.

Attachments:
1.    Original of the Verdict of the Cantonal Court in Bihać no. K: 151/97, dated on 20 October, 1999, with the legal validity clause, translated by the court translator for English language Nizama Muhamedagić.
2.    Original of the Verdict of the Supreme Court of the Federation of Bosnia and Herzegovina no. Kž: 294/00, dated on 12 December, 2000, with the legal validity clause, translated by the court translator for English language Nizama Muhamedagić.
3.    Original of the Criminal record data of the Fourth Police Department, Police Station Velika Kladuša, no. 05-04/09-1-1-3-442/16, dated on 11 August, 2016, translated by the court translator for English language Nizama Muhamedagić.
4.    Original of the Order for the execution of legally valid punishment by imprisonment for the convicted Dževad Pajazetović, no. K: 151/97, dated on 19 December, 2000, translated by the court translator for English language Nizama Muhamedagić.
5.    Authorized copies of the Identity card files, dated on 25 December, 1986 and 12 December, 1996, translated by the court translator for English language Nizama Muhamedagić.

President of the Court
Jasmina Miljković
(signed, illegible)

(big round stamp contents, in Latin and Cyrillic: Bosnia and Herzegovina, Federation of Bosnia and Herzegovina, Una-Sana Canton, Municipal Court Velika Kladuša, Velika Kladuša, 1 [coat of arms] )

I verify that this translation corresponds in its totality to the original composed in **Bosnian** language.
Entry number:    13/2016
Date:    23 August, 2016
Place:    Velika Kladuša
Nizama Muhamedagić
Certified Court Interpreter for English language

EXT-PAJAZETOVIC-0008

BOSNA I HERCEGOVINA
FEDERACIJA BOSNE I HERCEGOVINE
UNSKO SANSKI KANTON
OPĆINSKI SUD U VELIKOJ KLADUŠI
Broj: 23 0 K 007083 00 Iks
Velika Kladuša, 12.08.2016. godine

## ZAHTJEV ZA EKSTRADICIJOM OSUĐENOG DŽEVADA PAJAZETOVIĆ

Ja, Jasmina Miljković, sam državljanin Bosne i Hercegovine i od 01.12.2008.godine, ja sam sutkinja u Bosni i Hercegovini. Moja sadašnja dužnost jer sam predsjednica Općinskog suda u Velikoj Kladuši, uključuje izvršenje kazni zatvora u odnosu na osobe koje su pravomoćno osuđene za kršenje Krivičnog zakona Federacije Bosne i Hercegovine.

U vezi sa mojim dužnostima sutkinje, upoznata sam da je Dževad Pajazetović, u krivičnom predmetu Kantonalnog suda u Bihaću br. K:151/97, presudom od 20.10.1999.godine osuđen za počinjeno krivično djelo ubojstva iz člana 171. stav 2. tačka 6. KZ F BiH, i osuđen na kaznu zatvora u trajanju od 15 (petnaest) godina, te da je ovakva presuda preinačena po žalbi branitelja osuđenog Dževada Pajazetovića, presudom Vrhovnog suda Federacije Bosne i Hercegovine br. Kž 294/00 od 12.12.2000.godine i to u odluci o kazni, te je Dževad Pajazetović osuđen na kaznu zatvora u trajanju od 11 (jedanaest) godina. U ovu kaznu zatvora od 11 (jedanaest) godina, osuđenom Dževadu Pajazetoviću, uračunato je vrijeme koje je proveo u pritvoru u periodu od 18.12.1995.godine do 10.04.1996.godine.

Činjenično stanje predmeta i obiju presuda ukazuje da je Dževad Pajazetović, dana 24.10.1994. godine oko 13 sati u selu općine Velika Kladuša pokušao na nezakonit način iz R Hrvatske prenijeti 200 litara nafte, pa kada ga je zaustavio vojni policajac Derviš Okić i tražio da preda 20 litara nafte za potrebe brigade, Dževad Pajazetović seusprotivio, te je vojni policajac ispalio tri metka u zemlju ispred Dževada Pajazetovića, upozoravajuci ga, a tada je Dževad Pajazetović uzvratio paljbom i sa dva kratka rafala pogodio vojnog policajca Okić Derviša i nanio mu rane u visini trećeg i četvrtog rebra desno u visini prednje akscilarne linije i prostrijel iznad lijevog koljena i frakturu nadkoljenične kosti, od kojih povreda je Okić Derviš odmah i umro. Ovakvo činjenično stanje je jasno utvrđeno u postupku suđenja i navedeno je u pravomoćnoj presudi. Po naredbi Kantonalnog suda u Bihaću br. K:151/97 od 19.12.2000.godine naređeno je Općinskom sudu u Velikoj Kladuši, na području kog suda pravomoćno osuđeno Dževad Pajazetović ima prebivalište, da se nad istim izvrši pravomoćna izrečena kazna zatvora od 11 (jedanaest) godina. Ovakva kazna nije mogla biti izvršena sve do danas jer se osuđeni Pajazetović Dževad po puštanju iz pritvora u toku suđenja kod Kantonalnog suda u Bihaća nalazi u bjekstvu i lociran je u SAD-u.

U vrijeme suđenja i počinjenog krivičnog djela ubojstva, ovo djelo je bilo propisano Krivičnim zakonom Federacije Bosne i Hercegovine u članu 171., koji član glasi: (1) Ko drugog liši života, kaznit će se zatvorom najmanje 5 godina. (2) Zatvorom najmanje 10 godina ili dugotrajnim zatvorom kaznit će se: 1) ko drugog liši života na svirep ili podmukao način, 2) Ko drugog liši života i pritom s umišljajem dovede u opasnost život još neke osobe, 3) Ko drugog liši života pri bezobzirnom nasilničkom ponašanju, 4) Ko drugog liši života iz rasnih, nacionalnih ili vjerskih pobuda, 5) Ko drugog liši života iz koristoljublja, radi izvršenja ili prikrivanja drugog krivičnog djela, iz bezobzirne osobe ili iz drugih niskih pobuda, 6) Ko liši život za službenu ili vojnu osoba pri vršenju poslova sigurnosti Federacija ili dužnosti čuvanja javnog reda, uhićenja učinitelja krivičnog djela ili čuvanju osobe lišene slobode ili ko liši života drugu osobu pri vršenju ovih dužnosti i funkciji društvene samozaštite.

Član 37. Krivičnog zakona Federacije Bosne i Hercegovine glasi (1) Zatvor ne može biti kraći od 15 ~~ a ni duži od 15 godina.

Član 38. Krivičnog zakona Federacije Bosne i Hercegovine glasi (1) Za najteže oblike teških krivičnih djela uč njenih s umišljajem, može se, izuzetno, propisati i dugotrajni zatvor. (2) Dugotrajni zatvor nikada se ne

1

može propisati kao jedina glavna kazna za određeno krivično djelo. (3) Dugotrajni zatvor izriče se u trajanju od dvadeset do četrdeset godina.

Po sada važećem Krivičnom zakonu Federacije Bosne i Hercegovine krivično djelo ubojstva je propisano članom 166. Krivičnog zakona, na identičan način kao i u ranije važećem članu 171. sa istim rasponom kazne zatvora.

Kako se Dževad Pajazetović po puštanju iz pritvora 10.04.1996.godine, nalazio u bjekstvu, to mu je suđeno u odsutnosti, te je donijeta presuda Kantonalnog suda u Bihaću br. K:151/97 od 20.10.1999.godine, presuda Vrhovnog suda Federacije Bosne i Hercegovine br. Kž 294/00 od 12.12.2000.godine, Naredbom Kantonalnog suda u Bihaću br. K:151/97 od 19.12.2000. godine naređeno je Općinskom sudu u Velikoj Kladuši da izvrši pravomoćnu kaznu zatvora od 11 (jedanaest) godina nad osuđenim Dževadom Pajazetovićem, te se dostavlja ovakva dokumentacija sa prijedovom, kao i izvod iz kaznene evidencije za osuđenog Dževada Pajazetovića br. 05-04/09-1-1-3-442/16 od 11.08.2016.godine u kom izvodu je evidentirana ovakva pravomoćno izrečena kazna zatvora, te u srvhu identifikacije Dževada Pajazetovića, dostavlja se ovjerena kopija kartona lične karte sa fotografijom od 25.12.1986.godine, te ista takva kopija kartona lične karte sa fotografijom od 12.12.1996.godine.

Ne postoje druge fotografije Dževada Pajazetovića niti mogućnost da sud istog identificira po drugim dokumentima, osim navedena dva kartona lične karte.

Izjavljujem da je sve naprijed navedeno istina po mom najboljem saznanju i u ime Bosne i Hercegovine, Federacije bosne i Hercegovine, ljubazno molim da Dževad Pajazetović bude isporučen Bosni i Hercegovini, Federaciji Bosne i Hercegovine, kako bi odslužio pravomoćno izrečenu kaznu zatvora o d11 (jedanaest) kodina zbog počinjenog krivi čnog djela ubojstva, u koju kaznu će mu se uračunati vrijeme koje je proveo u pritvoru od 18.12.1995. godine do 10.04.1996.godine.

Nastojala sam da podnesem sve potrebne dokaze kako bi ekstradicija bila odobrena.

Prilozi:
1. Orginal Presude Kantonalnog suda u Bihaću br. K:151/97 od 20.10.1999.godine sa klauzulom pravomoćnosti, sa prijevodom po sudskom tumaču za engleski jezik Nizami Muhamedagić,
2. Orginal Presude Vrhovnog suda u Federacije Bosne i Hercegovine br. Kž:294/00 od 12.12.2000.godine sa klauzulom pravomoćnosti, sa prijevodom po sudskom tumaču za engleski jezik Nizami Muhamedagić,
3. Orginal izvoda iz kaznene evidencije Četvrte policijske uprave, Policijske stanice Velika Kladuša br. 05-04/09-1-1-3-442/16 od11.08.2016.godine, sa prijevodom po sudskom tumaču za engleski jezik Nizami Muhamedagić,
4. Orginal naredbe za izvršenje pravomoćno izrečene kazne zatvora nad osuđenim Dževadom Pajazetovićem br. K:151/97 od 19.12.2000.godine, sa prijevodom po sudskom tumaču za engleski jezik Nizami Muhamedagić,
5. Ovjerena kopija kartona lične karte osuđenog Dževada Pajazetovića od 25.12.1986.i 12.12.1996.godine, sa prijevodom po sudskom tumaču za engleski jezik Nizami Muhamedagić.

Predsjednica suda
Jasmina Miljković



CANTONAL COURT IN BIHAĆ
No. K. 151/97
Bihać, 19 December, 2000

TO MUNICIPAL COURT
VELIKA KLADUŠA

Based on the Verdict of this Court no. K. 151/97, dated on 20 October, 1999, and the Verdict of the Supreme Court of Federation of Bosnia and Herzegovina, dated on 12 December, 2000, I hereby

## ORDER

for the punishment of imprisonment over the convicted person DŽEVAD PAJAZETOVIĆ to be executed, for the commited criminal offence stipulated in Article 171, para 2, line 6 of the Criminal Code of Federation of Bosnia and Herzegovina, due to which he was punished by imprisonment of 11 (eleven) yeas.

For this purpose we deliver you the first and second instance verdicts.

Please inform this Court about the exact time of delivery of the mentioned convicted person to the prison by refering to the number of the file.

JUDGE
Hadžić Osman
(signed, illegible)

(big round stamp contains: Bosnia and Herzegovina, Federation of Bosnia and Herzegovina, Una-Sana Canton, Cantonal Court Bihać, coat of arms)

I verify that this translation corresponds in its totality to the original composed in **Bosnian** language.
Entry number: __11/2016__
Date: __23 August, 2016__
Place: __Velika Kladuša__
**Nizama Muhamedagić**
**Certified Court Interpreter for English language**

EXT-PAJAZETOVIC-0011

KANTONALNI SUD U BIHAĆU
Broj: K. 151/97
Bihać, 19.12.20000. godine


OPĆINSKOM SUDU
VELIKA KLADUŠA


Na osnovu presude ovog suda br . K. 151/97 od 20.10.1999. godine te presude Vrhovnog suda F B i H br. Kž. 294 /00 od 12.12.2000. godine


NAREĐUJEM

Da se izvrši kazna zatvora nad osudjeni, DŽEVADOM PAJAZETOVIĆEM zbog učinjenog krivičnog djela iz čl. 171. st .2 tačka 6 KZ F BiH , zbog čega je i osudjen na kaznu zatvora u trajanju od ll ( jedanest ) godina

U tu svrhu dostavljamo vam prvo i drugostepenu presudu.

O vremenu upućenja navedenog osudjenika u Kazneno popravni zavod , molimo obavijestite ovaj sud s pozivom na poslovni broj spisa.


SUDIJA
Hadžić Osman

Form no. 4

# IDENTITY CARD FILE

| 0 | 5 | 1 | 0 | 9 | 6 | 2 | 1 | 1 | 3 | 8 | 4 | 0 |

Unique identification number

| | | |
|---|---|---|
| PICTURE | Pajazetović<br>(LAST NAME)<br>Dževad<br>(FIRST NAME)<br>Mujo<br>(FATHER'S NAME)<br>Asima<br>(MOTHER'S NAME) | IDENTITY AND CITIZENSHIP DETERMINED<br>-BY THE BIRTH CERTIFICATE (MARRIAGE CERTIFICATE<br>MUNICIPALITY VELIKA KLADUŠA, LOCAL<br>OFFICE_____ FOR YEAR 1962<br>ON PAGE _-___ SER. NO 17<br>-BY ID CARD ISSUED BY SIA MUNICIPALITY<br>_____ SERIES AND SERIAL NO. BH<br>01379750, REGISTRY NO. 726/8 |
| **BORN** | Day, month, year: ___5 October, 1962___<br>Place: _____Nepeke_____<br>Municipality: ___Velika Kladuša___<br>Republic-Province: Socialist Republic of<br>Bosnia and Herzegovina | ISSUED YEAR_____<br>-CITIZENSHIP CERTIFICATE OF<br>MUNICIPALITY, LOCAL OFFICE VELIKA<br>KLADUŠA, ON PAGE 80, SERIAL NO. 10590 |
|  | Residence and address: 4 I Muslimanske brigade | PERSONAL DATA CHANGE |
| | Registry no.<br>3211/86     Series and serial no:<br>BH03534532 | |
| | Issued on: 25 December, 1986<br>Valid for: 10 years | CHANGE OF RESIDENCE AND ADDRESS |

| | | | |
|---|---|---|---|
| Personal no. | Blood type: | DATE | ADDRESS AND OTHER CHANGES |
| | | | |
| Right index<br>fingerprint<br>(visible) | Pajazetović Dževad (legible)<br>Identity card owner signature<br>(signed, illegible)<br>Official's signature | | |

(form publisher's data)



# IDENTITY CARD FILE

| 0 | 5 | 1 | 0 | 9 | 6 | 2 | 1 | 1 | 3 | 8 | 4 | 0 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

Unique identification number

| | | |
|---|---|---|
| PICTURE | Pajazetović<br>(LAST NAME)<br>Dževad<br>(FIRST NAME)<br>Mujo<br>(ONE OR BOTH PARENTS' NAMES) | IDENTITY AND CITIZENSHIP DETERMINED<br>-BY THE BIRTH CERTIFICATE (MARRIAGE CERTIFICATE<br>MUNICIPALITY_____, LOCAL OFFICE____NEPEKE_____ FOR YEAR 1962<br>ON PAGE 90__ SER. NO 17 |
| 1082/96<br>Registry no. | Velika Kladuša<br>(PLACE OF BIRTH) | -BY ID CARD ISSUED BY POLICE STATION<br>_____ SERIES AND SERIAL NO._<br>_____, REGISTRY NO._____ |
| BH0426814<br>Series and<br>serial no | B<br>O<br>R<br>N | ISSUED YEAR_____<br>-CITIZENSHIP CERTIFICATE OF MUNICIPALITY, LOCAL OFFICE VELIKA KLADUŠA, ON PAGE 80, SERIAL NO. 10590 |
| 12 Dec, 1996<br>Date issued | Bosnia and Herzegovina<br>(REPUBLIC, PROVINCE, COUNTRY) | PERSONAL DATA CHANGE |
| 10 years<br>Valid for | Muslim<br>(NATIONALITY, NAT. MINORITY) | |
| _____<br>Blood type | (OCCUPATION) | CHANGE OF RESIDENCE AND ADDRESS |
| | 4 I Muslimanske brigade<br>(RESIDENCE AND ADDRESS) | DATE \| ADDRESS AND OTHER CHANGES |
| Right index<br>fingerprint<br>(not visible) | (ID CARD OWNER SIGNATURE)<br>Pajazetović Dževad (legible)<br>(OFFICIAL'S SIGNATURE) | |

(on the back of the second page the following was written in had: *Copies are identical to the original*, big round stamp contents [Latin and Cyrillic]: Bosnia and Herzegovina, Federation of Bosnia and Herzegovina, Una-Sana Canton, Ministry of Internal Affairs, Administrative and Support Office, Legal Affairs Division, Velika Kladuša, 1, [coat of arms] )

I verify that this translation corresponds in its totality to the original composed in **Bosnian** language.
Entry number: __12/2016__
Date: __23 August, 2016__
Place: __Velika Kladuša__
**Nizama Muhamedagić**
**Certified Court Interpreter for English language**

# KARTON LIČNE KARTE

|0|5|V|0|9|6|2|1|1|3|8|4|0|
Jed. mat. broj

**Pajazetović**
(PREZIME)

**Dževad**
(IME)

**Mujo**
(IME OCA)

**Asima**
(IME MAJKE)

DAN, MJESEC I GODINA ........... 05.10.1962.

MJESTO **Nepeke**

OPŠTINA **Vel.Kladuša**

REPUBLIKA — POKRAJINA SR BIH

PREBIVALIŠTE I ADRESA STANA **I Muslim.Brigade 4**

REG. BR. **3211/86** SERIJA I SER. BROJ **BH03534532**

DATUM IZDAVANJA **25.12.1986** ROK VAŽENJA **lo god.**

LIČNI BROJ

OZNAKA KRVNE GRUPE

OTISAK DESNOG KAŽIPRSTA

*Pajazetović Dževad*
(POTPIS VLASNIKA LIČNE KARTE)

(POTPIS SLUŽBENOG LICA)

---

IDENTITET I DRŽAVLJ. UTVRĐENI NA OSNOVU:

— IZVODA IZ MATIČNE KNJIGE ROĐENIH (VJENČANIH)

OPŠTINE **V.KLAD** , MJESNI URED

.......... ZA GODINU **1962**

NA STRANI ...... POD RED. BR. **17**

— LIČNE KARTE IZDATE OD SUP OPŠTINE

.........., SERIJA I SER. BR. **BH**

**01377750** , REG. BR. **726/8**

IZDATOJ GODINE ..........

— UVJERENJE O DRŽAVLJANSTVU OPŠTINE ..........

**V.KLADUŠ** , MJESNI URED ..........

.........., UPISAN NA STR. **8c**

POD RED. BR. **10590**

PROMJENA LIČNIH PODATAKA

PROMJENE PREBIVALIŠTA I ADRESA STANA

| DATUM | ADRESA STANA I SADRŽAJ DRUGE PROMJENE |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

SOUR »SVJETLOST« RO GRAFIČKA DJELATNOST OOUR IZDAVANJE — MARKETING, SARAJEVO Oznaka za narudžbu: 2/30 Izdanje: 63/86.

# Karton lične karte

| 0 | 5 | 0 | 9 | 6 | 2 | 1 | 1 | 3 | 8 | 4 | 0 |

Jed. mat. broj

PAJAZETOVIĆ
(PREZIME)

DŽEVAD
(IME)

MUJO
(IME JEDNOG ILI OBA RODITELJA)

NEPEKE
(MJESTO ROĐENJA)

VELIKA KLADUŠA
(OPĆINA)

BIH
(REPUBLIKA - POKRAJINA - DRŽAVA)

MUSLIMAN
(PRIPADNOST NARODU-NARODNOSTI)

(ZANIMANJE)

I. MUSLIMANSKE BRIGADE 6
(PREBIVALIŠTE I ADRESA)

**RODENA**

1o82o/96
(REG. BROJ)

BHo426814
(SERIJA I SER. BR.)

12.12.199
(DATUM IZDAVANJA)

1o godina
(ROK VAŽENJA)

(OZNAKA RKV. GR.)

OTISAK DESNOG
KAŽIPRSTA

(POTPIS IMAOCA LIČNE KARTE)

(POTPIS SLUŽBENOG LICA)

---

IDENTITET I DRŽAVLJANSTVO UTVRĐENI NA OSNOVU:

- IZVOD IZ MATIČNE KNJIGE ROĐENIH (VJENČANIH)

OPĆINE _____ MJESNI URED

_____ , ZA GODINU _____

NA STRANI _90_ , POD RED. BR. _17_

- LIČNE KARTE IZDATE OD STANICE JAVNE BEZBJEDNOSTI

_____ , SERIJA I SER. BR. _____

IZDATOJ GODINE _____

- UVJERENJE O DRŽAVLJANSTVU OPĆINE _____

_____ MJESNI URED _____

_____ UPISAN NA STRANI _80_

POD RED. BR. _10 590_

## PROMJENA LIČNIH PODATAKA

## PROMJENE PREBIVALIŠTA, ADRESA STANA I ODJAVA

| DATUM | ADRESA STANA I ODJAVA |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

**BOSNIA AND HERZEGOVINA**        (coat of arms)
**FEDERATION OF BOSNIA AND**
**HERZEGOVINA**
**UNA-SANA CANTON**
**MINISTRY OF THE INTERNAL AFFAIRS**

---

**THE FOURTH POLICE DEPARTMENT**
**POLICE STATION VELIKA KLADUŠA**
No. 05-04/09-1-1-3-442/16
Date: 11 August, 2016

To Municipal Court Velika Kladuša

SUBJECT: PAJAZETOVIĆ DŽEVAD, criminal record data, being delivered
IN LIEU OF: Your document no. 23 0 K 007083 00 Iks, dated on 9 August, 2016.

By the insight into criminal records of Police Station Velika Kladuša, it was found that we have records of person Pajazetović Dževad, father's name Mujo, mother's name Asima nee Zolić, born on 5 October, 1962, in Velika Kladuša, address 4 Prve Muslimanske Brigade, Velika Kladuša municipality:

1. By the Verdict of Cantonal Court in Bihać, no. K: 151/97, dated on 20 October, 1999, legally valid on 12 December, 2000, recorded at Police Station Velika Kladuša on 22 July 2016, punished by imprisonment sentence of 11 (eleven) yeas for the criminal offence stipulated in Article 171, para 2, line 6 (murder) of the Criminal Code of Federation of Bosnia and Herzegovina from the year of 1998.

Delivered to:
-title
-archive

Police Station Commander
Samed Husić, senior inspector
(signed, illegible)
(contents of the big round stamp, illegible)

---

2 505 Viteške Brigade Street, 77000 Bihać, BiH, Phone: +387/37/224-224, Fax: +387/37/221-560, Web: www.mupusk.gov.ba, e-mail: mupusk@mupusk.gov.ba, info@mupusk.gov.ba

I verify that this translation corresponds in its totality to the original composed in **Bosnian** language.
Entry number: 10/2016
Date: 23 August, 2016
Place: Velika Kladuša
**Nizama Muhamedagić**
**Certified Court Interpreter for English language**

EXT-PAJAZETOVIC-0017

BOSNA I HERCEGOVINA
FEDERACIJA BOSNE I
HERCEGOVINE
UNSKO-SANSKI KANTON
MINISTARSTVO UNUTRAŠNJIH
POSLOVA



BOSNIA AND HERZEGOVINA
FEDERATION OF BOSNIA AND
HERZEGOVINA
THE UNA-SANA CANTON
MINISTRY OF THE INTERIOR

---

ČETVRTA POLICIJSKA UPRAVA
POLICIJSKA STANICA VELIKA KLADUŠA
Broj, 05-04/09-1-1-3-442/16
Dana, 11.08.2016.godine

Općinskom sudu Velika Kladuša

PREDMET; PAJAZETOVIĆ DŽEVAD, izvod iz kaznene evidencije, dostavlja se,-
VEZA: Vaš ak broj 23 0 K 007083 00 Iks, od dana 09.08.2016. godine

     Uvidom u kaznenu evidenciju PS-i Velika Kladuša utvrđeno je da kroz istu prolazi lice Pajazetović Dževad sin Muje i majke Asime rođene Zolić, rođen 05.10.1962. godine u Velikoj Kladuši, nastanjen u ulici Prve Muslimanske brigade broj 4, općina Velika Kladuša.;

1. Presudom Kantonalnog suda Bihać broj K:151/97 od dana 20.10.1999. godine, pravosnažna 12.12.2000.godine, zaprimljena u PS Velika Kladuša dana 22.07.2016. godine, kažnjena kaznom zatvora u trajanju od 11 ( jedanaest ) godina zbog KD-a iz člana 171. stav 2. tačke 6. ( ubistvo) KZ-a F BiH 1998.godine

Dostavljeno: Naslovu
     a/a

KOMANDIR PS

Samed Husić, viši inspektor

502.Viteške brigade br.2, 77000 Bihać, BiH, Tel: +387/37/224 224, Fax: +387/37/ 221-560
Web: www.mupusk.gov.ba, e-mail: mupusk@mupusk.gov.ba , info@mupusk.gov.ba

EXT-PAJAZETOVIC-0018

(handwritten: Bulletin board, 19 December, 2000; Removed 29 December, 2000)
(small rectangular stamp contents: RECEIVED on 18 December, 2000, CANTONAL
COURT IN BIHAĆ, authorized Court official)

Bosnia and Herzegovina
FEDERATION OF BOSNIA AND HERZEGOVINA
**SUPREME COURT**
OF THE FEDERATION OF BOSNIA AND HERZEGOVINA
**Kž. 294/00**
Sarajevo, 12 December, 2000



### IN THE NAME OF THE FEDERATION OF BOSNIA AND HERZEGOVINA!

Supreme Court of the Federation of Bosnia and Herzegovina in Sarajevo, by the Council consisting of judges: Nazif Salman as Council President, Ignjacije Dodik, Malik Hadžiomeragić, mr. Tadija Bubalović and Milorad Potparić as Council members, and record keeping clerk Milica Janeček, in the criminal proceedings against the accused Pajazetović Dževad, for the criminal offence of murder, stipulated by Article 171, para 2, line 6 of the Criminal Code of the Federation of Bosnia and Herzegovina, in the appeal proceedings of the accussed's defense against the Verdict of Cantonal Court in Bihać no. K-151/97, dated on 20 October, 1999, has on the session held on 12 December, 2000, reached the following:

### VERDICT

The appeal of the accused **Dževad Pajazetović's** defense is being partially taken into consideration and the Verdict of Cantonal Court in Bihać no. K-151/97, dated on 20 October, 1999 is being changed, in the part that relates to the punishment, and the convicted Dževad Pajazetović is being sentenced to the punishment by imprisonment of 11 (eleven) years, for the crime he was found guilty of. In accordance with Article 48, para 1 of the Criminal Code of the Federation of Bosnia and Herzegovina, the time he had spent in custody from 18 December, 1995 to 10 April, 1996, will be calculated into the sentence.

The rest of the first instance Verdict remains unchanged.

### EXPLANATION

By the Verdict of Cantonal Court in Bihać no. K-151/97, dated on 20 October, 1991, Dževad Pajazetović was found guilty for the criminal offence of murder stipulated in Article 171, para 2, line 6 of the Criminal Code of the Federation of Bosnia and Herzegovina (CCFBiH) in a manner closely described in the proposition of that Verdict, and was sentenced for this criminal offence to punishment by imprisonment for 15 years, into which the time he had spent in custody from 18 December, 1995 to 10 April, 1996, was calculated.

The accused has, through his defense lawyer, appealed against this Verdict within legally prescribed period, and he contested it due to major violation of regulations of criminal proceedings, violation of criminal code, wrongfully and incompletely determined state of facts, with a proposal for the Verdict to be annulled and the case returned to the first instance court for retrial.

Federal Prosecutor has proposed in written that the appeal should be denied as unfounded and that the first instance verdict should be confirmed.

This Court has examined the first instance verdict within the limits of the appeal of accused's defense as well as by the official duty as stipulated by Article 370, para 1 of the Law on Criminal Proceedings, and brought the decision described in the proposition of this verdict, for the following reasons:

Even though the appeal of the accused's defense has stated major violation of regulations of criminal proceedings as one of the reasons, it has not, by any example, shown what the violation consists of, nor there was any procedural qualification given in this matter. This Court examined the contested verdict by the official duty and has found no existence of the said violation.

While examining the regularity and completeness of the state of facts in the contested verdict, in regard to the objections of the accused Dževad Pajazetović' defense, this Court finds that the first instance Court had come to a proper conclusion that the accused had committed the criminal offence he was found guilty of, based on the facts and evidence stated in the verdict explanation. That Court had stated very convincing reasons for the acceptance of the shown evidence and reasons why their contents point to crucial conclusions stated on the contested verdict's explanation. All of those reasons, as such, are accepted by this Court, especially having in mind statements of the accused's defense given during the criminal proceedings. Unlike the above mentioned, the accused's defense has a different view of the facts when compared to the first instance Court. Nevertheless, this Court was not able to accept that view, and the appeal is not grounded in shown evidence in this matter. Therefore, the state of facts in this criminal matter was completely and properly determined, and the Criminal Code was properly applied to it when the actions of the accused stated in first instance verdict's statement were legally qualified as criminal offence, stipulated by the statement of the contested verdict, since they have all of the legal characteristics of that offence, objectively and subjectively. Therefore, this Court points out that the contested verdict contains all of the necessary and convincing reasons on all decisive facts. Due to the given reasons, this Court has found that the appeal objections of the accused's defense based on wrongfully and incompletely determined state of facts, as well as violation of criminal code, are not valid.

This Court has examined the decision on the punishment in accordance with Article

372 of the Law on Criminal Proceedings, and has found that the first instance Court has properly determined all of the facts and circumstances which were considered as extenuating for the accused. This Court thinks that the circumstance in which the victim was the first to shoot several bullets towards the accused, one of them causing him injuries, was not taken into a proper consideration, and that the victim contributed greatly to the circumstances in this case. Victim knew the accused and, having in mind this fact and the reason of accused's not stopping, it was not necessary to use a firearm, since this argument could have been solved through a superior in charge. In this concrete case, the first instance Court has not taken into a proper consideration the fact that 6 years have passed since the act was committed and more attention should have been paid to the passing of the time since the act was committed.

Considering the extenuating circumstances that were found by the first instance Court and the above mentioned circumstances, this Court finds that the accused was sentences too severely, due to which he was sentenced to the punishment as stated in this verdict's statement, and believes that the purpose of the punishment will be achieved, as found in Articles 5 and 33 of the Code of the Federation of Bosnia and Herzegovina.

Based on the above mentioned and since the contested verdict contains no legal violations observed by this Court in its official duty, as stipulated by Article 370, para 1 of the Law on Criminal Proceedings, the decision described in the statement of this verdict was to be brought, based on the Article 380 of the Law on Criminal Proceedings.

Record keeping clerk                          Council President
Milica Janeček s.r.                           Nazif Salman s.r.

Accuracy of the file is guaranteed
by the Chief of Court Archive
Fikreta Ćehić (signed, illegible)

(big round stamp contents: Bosnia and Herzegovina, Federation of Bosnia and Herzegovina, Supreme Court of the Federation of Bosnia and Herzegovina, 3, [coat of arms] )

I verify that this translation corresponds in its totality to the original composed in **Bosnian** language.
Entry number:    9/2016
Date:            23 August, 2016
Place:           Velika Kladuša
**Nizama Muhamedagić**
**Certified Court Interpreter for English language**



PRI... ..NO
dana *18.12. 2000* godine
KANTONALNI SUD U BIHAĆU
Ovlašćeni radnik suda

Bosna i Hercegovina
FEDERACIJA BOSNE I HERCEGOVINE
**VRHOVNI SUD**
FEDERACIJE BOSNE I HERCEGOVINE
**Kž.294/00**
Sarajevo, 12.12.2000. godine

## U IME FEDERACIJE BOSNE I HERCEGOVINE !

Vrhovni sud Federacije Bosne i Hercegovine u Sarajevu, u vijeću sastavljenom od sudaca: Nazifa Salmana kao predsjednika vijeća, Ignjacija Dodika, Malika Hadžiomeragića, mr. Tadije Bubalovića i Milorada Potparića kao članova vijeća, te Milice Janeček, kao zapisničara, u kaznenom predmetu protiv optuženog Dževada Pajazetović, zbog kaznenog djela ubojstva iz članka 171. stavak 2. točka 6. Kaznenog zakona Federacije Bosne i Hercegovine, povodom žalbe branitelja optuženog, protiv presude Kantonalnog suda u Bihaću broj: K-151/97 od 20.10.1999. godine, na sjednici održanoj dana 12.12.2000. godine, donio je sljedeću:

## P R E S U D U

Djelomično se uvažava žalba branitelja optuženog **Dževada Pajazetovića**, i preinačava presuda Kantonalnog suda u Bihaću broj: K.151/97 od 20.10.1999. godine u odluci o kazni tako da se optuženi Dževad Pajazetović za kazneno djelo za koje je oglašen krivim tom presudom osuđuje na kaznu zatvora u trajanju od 11 (jedanaest) godina u koju mu se po članku 48. stavak 1. Kaznenog zakona Federacije Bosne i Hercegovine uračunava vrijeme koje je proveo u pritvoru od 18.12.1995. do 10.4.1996. godine.

U ostalom dijelu prvostupanjska presuda ostaje neizmijenjena.

## O B R A Z L O Ž E N J E

Presudom Kantonalnog suda u Bihaću broj: K.151/97 od 10.10.1999. godine, oglašen je krivim optuženi Dževad Pajazetović, zbog krivičnog djela ubojstva iz članka 171. stavak 2. točka 6. Kaznenog zakona Federacije Bosne i Hercegovine (KZ FBiH), čije su radnje izvršenja pobliže prestavljene u izreci te presude, pa je za to djelo osuđen na kaznu zatvora u trajanju od 15 godina u koju mu je po članku 48. stavak 1. KZ FBiH uračunato vrijeme provedeno u pritvoru od 18.12.1995. do 10.4.1996. godine.

Protiv te presude u zakonskom roku putem branitelja, žalbu je izjavio optuženi kojom presudu pobija zbog bitne povrede odredaba kaznenog postupka, povrede

EXT-PAJAZETOVIC-0022

kaznenog zakona, pogrešno i nepotpuno utvrđenog činjeničnog stanja s prijedlogom da se pobijana presuda ukine i predmet vrati prvostupanjskom sudu na ponovno suđenje.

Federalni tužitelj je pismeno predložio da se žalba branitelja optuženog odbije kao neosnovana i potvrdi prvostupanjska presuda.

Ovaj sud je ispitao prvostupanjsku presudu u granicama žalbenih navoda branitelja optuženog kao i po službenoj dužnosti u smislu članka 370. stavak 1. ZKP, pa je odlučio kao u izreci ove presude iz sljedećih razloga:

Iako je žalba branitelja optuženog kao jedan od osnova naslovila i bitnu povredu odredaba kaznenog postupka ona ni jednim navodom nije ukazala u čemu se ta povreda sastoji, niti je u tom pravcu data bilo kakva procesna kvalifikacija, a ispitujući pobijanu presudu i po službenoj dužnosti ovaj sud nije našao postojanje takve povrede.

Razmatrajući pravilnost i potpunost utvrđenog činjeničnog stanja u pobijanoj presudi, a u svezi sa žalbenim prigovorima branitelja optuženog Dževada Pajazetovića, ovaj sud nalazi, da je prvostupanjski sud, na temelju činjenica i dokaza na koje se poziva u obrazloženju presude, izveo pravilan zaključak da je optuženi učinio radnje izvršenja za koje je oglašen krivim. Taj sud je iznio vrlo ubjedljive razloge zašto prihvata te dokaze i zbog čega oni po svom sadržaju upućuju na ključne zaključke iz obrazloženja pobijane presude. Sve te razloge, kao takve, prihvata i ovaj sud, pogotovu imajući u vidu navode obrane optuženog date u tijeku kaznenog postupka. Za razliku od toga, žalba branitelja ovog optuženog prikazuje stanje stvari nešto drugačije od onog što je utvrdio prvostupanjski sud. Međutim, tako nešto ovaj sud nije mogao prihvatiti, jer u tom pogledu žalba nema uporišta u izvedenim dokazima. Prema tome, u ovoj kaznenoj stvari činjenično stanje je i potpuno i pravilno utvrđeno, na koje je pravilno primijenjen kazneni zakon kada su radnje izvršenja optuženog iz izreke prvostupanjske presude pravno ocijenjene kao kazneno djelo iz izreke pobijane presude, jer se u njima stiču sva zakonska obilježja tog djela i u objektivnom i u subjektivnom smislu, pri čemu ovaj sud ukazuje da pobijana presuda ima sve potrebite i ubjedljive razloge o svim odlučnim činjenicama. Iz iznesenih razloga, ovaj sud je našao da ne stoje žalbeni prigovori branitelja optuženog iz osnova nepotpuno i pogrešno utvrđenog činjeničnog stanja i povrede kaznenog zakona.

Ovaj sud je ispitao odluku o kazni sukladno odredbi članka 372. ZKP, pa je našao da je prvostupanjski sud pravilno utvrdio sve činjenice i okolnosti koje su se stekle kao olakotne na strani optuženog s tim da u dovoljnoj mjeri nije cijenjena okolnost da je oštećeni prvi ispalio više metaka u pravcu optuženog pa mu je jedan i nanio povrede iz čega proizilazi da se u konkretnom slučaju radi o velikom doprinosu oštećenog. Naime, oštećeni je poznavao optuženog, pa obzirom na tu činjenicu i razlog nezaustavljanja optuženog nije bilo neophodno upotrijebiti vatreno oružje, jer se taj spor mogao riješiti putem predpostavljenog. Isto tako, u konkretnom slučaju sud prvog stupnja nije cijenio u dovoljnoj mjeri okolnost da je djelo izvršeno prije 6 godina, pa je trebalo sa više pažnje cijeniti protek vremena od izvršenja djela.

Imajući u vidu olakotne okolnosti koje su utvrđene od strane prvostupanjskog suda i napr??? navedene okolnosti, po ocjeni ovog suda, optuženom je izrečena prestroga kazna zbog čega mu je izrečena kazna u trajanju kao u izreci ove presude u uvjerenju da će se sa njom postići svrha kažnjavanja iz članka 5. i 33. KZ FBiH.

Na temelju izloženog, a kako u pobijanoj presudi nema povreda zakona na koje ovaj sud pazi po službenoj dužnosti u smislu članka 370. stavak 1. ZKP, to je valjalo odlučiti kao u izreci ove presude, na temelju članka 380. ZKP.

Zapisničar,
Milica Janeček, s.r.

Predsjednik vijeća,
Nazif Salman, s.r.



Za tačnost otpravka tvrdi
Rukov. sudske pisarnice

Fikreta Čehić

DECISION IS LEGALLY VALID
Cantonal Court in Bihać
On 12 December, 2000
Chief Clerk (signed, illegible)

(big round stamp contains: Bosnia and Herzegovina, Federation of Bosnia and Herzegovina, Una-Sana Canton, Cantonal Court Bihać, [coat of arms])

## IN THE NAME OF

## FEDERATION OF BOSNIA AND HERZEGOVINA

Cantonal Court in Bihać, by the Council consisting of judge Osman Hadžić, Council President, judge Nisveta Gluhalić and juror judges Ibrahim Fazlić, Hasan Mahmutović and Smail Nuspahić as Council members, and record keeping clerk Fadila Šušnjar, in the criminal proceedings against the accused Pajazetović Dževad, son of Mujo, who is trialed in absence in this criminal matter, for the criminal offence of murder, stipulated by Article 36, para 2, line 5 of the Criminal Code of Republic of Bosnia and Herzegovina, by the criminal charges of Cantonal Prosecutor of Bihać, no. I Vtk: 23/96, dated on 14 February, 1996, and after the main verbal and public hearing, in the presence of the accused's defense lawyer Delić Suljo from Bihać, as well as the Deputy Cantonal Prosecutor Jusuf Junuzović, has on 20 October, 1999, reached the following:

### VERDICT

The accused PAJAZETOVIĆ DŽEVAD, father's name Mujo and mother's name Asima, nee Zolić, born on 5 October, 1962, in Velika Kladuša, previously living there in 4 I Muslimanske brigade St., occupation chemist, Muslim, citizen of Bosnia and Herzegovina, married, father of two children, high school graduate, currently not available to state institutions, is found:

### GUILTY

For:

on 24 October, 1994, about 13:00 hrs, in the area of village Laiš, Velika Kladuša municipality, trying to bring over illegally 200 liters of fuel, when he was stopped by military police officer Okić Derviš who asked him to hand over 20 liters for the brigade. The accused refused and the military police officer shot three warning bullets into the ground in front of the accused, and the accused responded by shooting two short bursts and shot Okić Derviš.

By doing this he inflicted the victim an entrance wound in the height of third or fourth rib to the right, in the height of the front axillary line, as well as gunshot wound above the left knee with the fracture of femur, which caused his immediate death.

By doing this he committed a criminal offence of murder, as stipulated in Article 171,

_para 2,_ line 6 of the Criminal Code of Federation of Bosnia and Herzegovina.

Therefore this Court, based on the same legal stipulation, with the application of stipulation contained in Article 40 of the Criminal Code of Federation of Bosnia and Herzegovina, hereby sentences the accused to:

PUNISHMENT BY IMPRISONMENT FOR 15 (fifteen) YEARS

In accordance with the Article 48, para 1 of the Criminal Code of Federation of Bosnia and Herzegovina, the time the accused spent in custody from 18 December, 1995 to 10 April, 1996, will be calculated into the duration of the punishment.

Explanation

Cantonal Prosecutor in Bihać has represented the criminal charges no. I Vtk: 23/96, dated on 14 February, 1996, accusing Pajazetović Dževad, that he had committed the criminal offence which this Verdict proclaimed him to guilty of.

The accused Pajazetović Dževad was trialed in absence in this criminal matter, as proposed by the Prosecutor, and in accordance with the procedural decision of the Court. The state of the facts in the file shows that it is undeniably true that the accused is not available to state institutions, and having in mind the dynamics of the events, the fact that this person was accused of the criminal offence of murder, as well as the way this crime was committed, this Court has estimated and decided that there are more important reasons for the accused to be trialed in absence. The trial was conducted and was based on decisive facts which underlie this Verdict, which were determined by examination of the evidence during the main hearing, judged by the Court in accordance with Article 13 of the Law on Criminal Procedure.

Previously stated defense of the accused says that this incident occurred in the area of Laiš, that he was a member of 3rd battalion of 506 Brigade and his unit was guarding the border with Republic of Croatia. He claims that it was raining on the day the incident happened, and that he and Pajić Senad went to the border crossing on Drina river, where he saw two military police officers in a group of civilians and one of them was the victim Okić Derviš. He also claimed that he and Pajić Senad went to that place to buy fuel, which they did. Since they started pouring the fuel into the canister on the spot, the victim asked him to whom the fuel belonged, and acted insolently, requesting 10% of the fuel, without saying if it was for him or for the brigade. The accused continues that he was armed with automatic rifle and that the victim had the same weapon. He also says that they were arguing about the fuel, that Okić grabbed his clothes on the chest and that he said to Okić: "Take all of the fuel if you must.". Then he turned sideways from Okić and walked towards the command post. After he crossed 5 to 6 meters he heard clicking of the rifle shutter, as well as Okić swearing his mother and saying that he'll never come to the river again.

The accused said that at that moment he was in semi-sideways position, that he heard one burst, felt soil on his face and severe pain in the area of his left hip/groin. He claims that about ten rounds were fired in a burst and when he looked to his left groin he noticed the stream of blood, realizing that his artery was severed. Considering the severe pain he felt, he fell down to his right knee and held the rifle by the gunstock in his right hand, and said to Okić "You have shot me". Okić replied by swearing his mother again and telling him that he would kill him, while pointing the rifle barrel at him. The accused said that he had switched the safety off on his rifle in this situation, knowing that there is a bullet in a barrel. Then he pulled the trigger and closed his eyes, and he does not remember if he fired one or two bursts. He claimed that he had no knowledge what had happened to Okić. After this he got up and went to the command post, which he did not reach since he lost consciousness due to heavy bleeding.

This Court is convinced that the accused has tried to annul his own responsibility by this defense, while presenting the actions of the victim as an attack and his actions as a defense, which would contain the elements of self defense.

However, during the analysis of the accused's defense and the contents of the witnesses' statements it was found that the accused did not objectively present the dynamics of the incident. In contents of the witnesses' statements, first of all the statement of the witness Čaušević Jasmin, it was found that the incident occurred in the mentioned location and that the accused and the victim argued about the fuel the accused had transferred across the border. The witness Čaušević Jasmin claims that, in this location, he saw the accused armed with automatic rifle, carrying the fuel, and at that time the victim Derviš, who was a military police officer, asked the accused whose fuel was he carrying and said that the fuel is to be confiscated and taken to the command post. The accused refused and they started arguing, and this witness, as he emphasizes "knowing that something was about to happen" started walking uphill towards a car. While he was going uphill he turned around and saw Okić cocking his rifle, then the accused cocked his rifle as well, and then the shooting could be heard. According to this witness's statement both of them fired and he could not say in what direction they were shooting. After this the witness called his brother and together they went to the spot. They approached Pajazetović and he pointed his rifle at them. Pajazetović then told them that it was not his fault. The witness states that the accused said that he was afraid of them. Then the witness's brother took the rifle from the accused and they went to the spot where the victim was, and saw that his rifle was damaged. The witness also states that the accused was transported to the hospital.

The witness ŠAKANOVIĆ SAMIR claims in his statement that, at that time he was a soldier of 506 Brigade, acting as battalion commander, and that his unit was guarding the border. He also claims that soldiers were allowed to buy minor quantities fuel across the border in order to be able to work on their lands. In relation to this incident he claims that he knew that the victim Derviš had tried to confiscate the canister of fuel from the accused, as

well as they had bad relationship from before. Further on he claims that he did not directly witness the incident, since at that moment he was in the nearby house that served as a command post, but he heard one burst and then the other. When he arrived at the spot he saw that Okić was dead and the accused pointed a rifle at him, saying that he had a leg wound.

The witness KLIČIĆ SENAD in his statement says that the victim Okić Derviš was performing his duty of military police officer and that they had orders what to do in the case of border crossing and smuggling. He claimers that he ordered the police to dissipate the citizens who were smuggling across the border, in the area of their responsibility.

Witnesses PAJAZETOVIČ MEHMED and ČAUŠEVIĆ NIJAZ did not directly witness the incident, and claim that they were inside of a car that was parked near the spot when they heard the shots being fired. When they arrived to the spot they say that Okić was dead and the accused Pajazetović pointed his rifle at them, saying that he was wounded. The witness Miljković Fikret in his statement says that he was in a house about 50 meters from the spot, playing cards, when he heard the shots being fired from the direction of the border. After some time the accused Dževad was brought to his car and he had a leg wound. This witness also claims that he saw the body of the victim Okić in one garage, and that it was transported to Velika Kladuša Hospital Morgue.

In medical records of Velika Kladuša Hospital, dated on 25 October, 1994, it was found that the victim's body was examined and that the attending doctor found visible wounds in the area of third or fourth rib to the right in the height of the front axillary line, caused by firearm, with the exit wound underneath the top of the left shoulder blade. Further on there was a tear on the left forearm 4 centimeters long and visible hand damage on the third and fourth finger, with 1 to 2 centimeter tears. There was also a gunshot exit wound under the left knee with the fracture of femur and on the outer side there was an entrance wound in the height of a knee cap.

After this evidence procedure, while completely analyzing the accused's defense and connecting it with other statements in this criminal matter, in formal and logical understanding, while considering the dynamics of the incident and occurring actions, manifested by the accused and the victim, it is undoubtedly concluded that the accused had in his own volition, willingly and on purpose used the actions of the victim, who acted as an official, according to the rules of his station, which consisted of trying to stop the accused in illegal purchase of fuel. When the accused did not obey the order, they argued. The victim fired his rifle as a warning and the accused, according to the established incident dynamics, as this Court believes, used the actions of the victim and had willingly and on purpose used his firearm and shot a burst of bullets, which resulted in the death of the victim, a military police officer. Therefore, objectively and subjectively, the actions of the accused contain all of the elements of criminal offence the accused has been found guilty of.

*established* dynamics of the incident shows that the accused suffered a leg wound as a result of the victim acting as an official trying to persuade the victim to obey his orders by firing his weapon as a warning. In these circumstances, considering the hazardous actions of the accused and actions of the victim, who was acting in the official capacity, which cannot be considered as an attack against the accused, nor it can be concluded that the victim had an intention to endanger the life of the accused, the accused had, as this Court believes, used the situation and shot his firearm in a burst, willingly and with purpose, which in consequence resulted in this criminal offence and direct and intent as the strongest form of guilt.

While deciding on the punishment in accordance with Article 40 of the Criminal Code of Federation of Bosnia and Herzegovina, this Court has taken into consideration the fact that the accused is married and father of two juvenile children, as well as that the incident occurred during war and in given circumstances.

The Court believes that the appropriate jail sentence will completely fulfill the purpose of the punishment.

In accordance with the Article 48, the time the accused spent in custody from 18 December, 1995 to 10 April, 1996, is to be calculated into the duration of the punishment.

The afore mentioned verdict was brought in accordance with the above stated facts.

Legal remedy:
An appeal against this decision is allowed
to the Supreme Court of the Federation
of Bosnia and Herzegovina in Sarajevo,
within 15 days upon its reception,
and through this Court.
(small rectangular stamp contents: Judge – Council President, the rest is illegible)
(big round stamp contents: illegible)

Council President
Judge
Hadžić Osman
(signed, illegible)

I verify that this translation corresponds in its totality to the original composed in **Bosnian** language.
Entry number: __8/2016__
Date: __23 August, 2016__
Place: __Velika Kladuša__
**Nizama Muhamedagić**
**Certified Court Interpreter for English language**





KANTONALNI SUD U BIHAĆU
Broj: K: 151/97
Bihać, 20.10.1999. godine

The round seal: Bosna i Hercegovina - Federacija Bosne... UNSKO-BANSKI KANTON ... BIHAĆ

The green rectangular stamp: ODLUKA JE PRAVOSNAŽNA Dana... 12. 12. 2000...

FEDERACIJE BOSNE I HERCEGOVINE

**KANTONALNI SUD U BIHAĆU**
Broj: K: 151/97
Bihać, 20.10.1999. godine.

**FEDERACIJE BOSNE I HERCEGOVINE**

Kantonalni sud u Bihaću , u vijeću sastavljenom od sudija Osmana Hadžića kao predsjednika vijeća, te sudije NIsvete Gluhalić , kao i sudaca poratnika FAzlić Ibrahima , Mahmutović Hasana i Muspahić Smaila kao članova vijeća sa zapisničarem Fadilom Sušnjar , u krivičnom predmetu protiv optuženog Pajazetović Dževada sina MUje, kome je u ovoj krivičnoj stvari sudjeno u odaustvu, zbog krivičnog djela - ubistva iz čl. 36. st. 2 t. 5. KZ R B i H , po optužnici KT Bihać, br. I Vtk: 23/96 od 14.02.1996. godine , nakon održanog usmenog glavnog i javnog pretresa u prisustvu branioca optuženog advokata Delić Sulje iz Bihaća, kao i zamjenika KT Jusufa JUnuzovića donio je dana 20.10.1999. godine i istog dana javno objavio slijedeću:

**P R E S U D U**

Optuženi PAJAZETOVIĆ DŽEVAD sin Muje i majke Asime rodjene Zolić rodjen 05.10.1962. godine u Velikoj Kladuši, gdje je svojevremeno bio i nastanjen u ul. I Muslimanske brigade br. 4. po zanimanu hemičar, Musliman , državljanin BiH , oženjen otac dvoje djece, sa završenom SSS, sada nedostupan državnim organima.

**K R I V J E**

Što je :

Dana, 24.10.1994. godine oko 13,oo sati u reonu sela Laiša Općina Velika Kladuša pokuaš na nezakoni tnačin iz R. Hrvatske prenijet 200 litara nafte , te kada ga je vojni policajac Okić Derviš zaustavio i tražio da preda 20 litara za brigadu , tome se usprotivio nakon čega je vojni policajac ispalio tri upozoravajuća metka u zemlju ispred optuženog, kojom prilikom je optuženi uzvratio te sa dva kratka rafala pogodio u Okić Derviša .

Nanijevši mu pri tom ulaznu ranu u visini trećeg ili četvrtog rebra desno i to u visini prednje akscilarne linije kao i prostrel iznad lijevog koljena sa frakturom natkoljenične kosti od kojih povreda je isti odmah i umro.

EXT-PAJAZETOVIC-0030

Čime je počinio krivično djelo - ubojstvo iz čl. 171. st. 2 . tačka 6. KZ F BiH.

Stoga sud optuženog na osnovu istog zakonskog propisa a uz primjenu odredbe čl. 40 KZ F BiH osudjuje na :

KAZNU ZATVORA U TRAJANJU OD 15   ( petnaest) GODINA.

Po čl. 48 st. 1. KZ F BiH optuženom u izrečenu kaznu zatvora uračunava vrijeme koje je proveo u pritvoru u period od 18.12. 1995. do 10.04.1996. godine.

O b r a z l o ž e n j e

Kantonalni tužilac u Bihaću zastupao je optužnicu br. I Vtk: 23/96 od 14.02.1996. godine stavljajući na teret Pajazetović Dževadu da je počinio krivično djelo za koje je ovom presudom i oglašen i krivim.

Optuženom Pajazetović Dževadu u ovoj krivičnoj stvari na prijedlog tužioca a shodno procesnoj odluci suda sudjeno je u odsustvu. Naime, iz stanja spisa nepobitno proizilazi da je optuženom nedostupan državnim organima a cijeneći dinamiku odnosnog dešavanja kao i činjenicu da mu je stavljeno na teret kvalifikovani oblik krivičnog djela ubistva , te cijeneći način izvršenja djela , sud je cjenio i smatra da postoje važniji razlozi da se optuženom sudi u odsustvu , a koje je sudjenje je i sprovedeno iz sve odlučne činjenice na kojima se zasniva ova presuda utvrdjene su izvodjenjem dokaza na glavnom pretresu a koje je sud cjenio u smislu odredbe čl. 13 ZKP-a.

Iz svojevremeno iznijetog sadržaja odbrane optuženog proizilazi da se dogadjaj odigrao u reonu Laiše te je je on u to vrijeme bio pripadnik 3 čate 506 brigade te da je dužnost njegove jedinice u to vrijeme bila da obezbjedi granicu prema R Hrvatskoj . Odnosnog dana kada će se dogadjaj desiti ističe da je padala kiša te da je zajedno sa Pajić Senadom otišao na granični prelaz pored Rijeke Drine gdje je uočio grupi civila i dva vojna policajaca od kojih je jedan bio i oštećeni Okić Derviš . Nadalje ističe da je sa Pajić Senadoma otišao kako bi kupio naftu koju su i kupili . Obzirom da su na to lokaciji počeli pretakati naftu u kanister oštećeni Okić ga je pitao čija je nafta , kojom prilikom je , kako ističe optuženi, nastupio drsko tražeći da se izdvoji 10 % nafte kojom prilikom se nije izjasnio dali to čini za sebe ili za komandu . Optuženi nadalje ističe da je bio naoružan automatskom puškom sa kojom vrstom naoružanja bio i Okić . Nadalje ističe da je izmedju njih došlo do spora vezano za naftu , da ga zatim Okić i uhvatio za pras kojom prilikom je Okiću rekao ako je potrebno oduzmi mi svu naftu , a zatim se okrenuo bočno i krenuo prema Komandi. Odmakavši 5 do 6 metara kako ističe da je čuo zatvarač a zatim da mu Okić psuje mater rekavši mu pritom da neće više nikada biti pokraj vode .

optuženi je nadalje istakao da je u tom momentu stao da se okrenuo polu bočno , a zatim je čuo i jedan rafal u kojem momentu je osjetio zemlju po licu te jak bol u predjelu kuka lijeve prepone , kojom prilikom je po njegovom kazivanju ispaljeno desatak metaka u rafalnoj paljbi te kada je pogledoa prema lijevoj preponi uočio je mlaz krvi i tada je shvatio da mu je presječena arterija . Obzirom da je osjetio jak bol pao je na desno koljeno a pušku je i dalje držao na desnoj ruci i to za rukohvat obraćajući se pri tom Okiću riječima: "ti me rani" , a ovaj mu je ponovo opsovao mater govoreći pri tom da će ga ubiti i dok je ovo govorio držao je pušku u rukama sa cijevi okrenute prema njemu i u takvoj situaciji optuženi ističe da je otkočio pušku znajući da je metak u cijevi povukao obarač te zažmirio i nesjeća se da je ispalio jedan ili dva rafala i nezna šta je bilo sa Okićem nakon čega je ostao i krenuo prema Komandi do koje nije došao jer je uslijed jakog krvarenja izgubio svijest .

Ovakvom svojom odbranom optuženi je nastojao, po uvjrenju ovog suda, anolorirati sopstvenu krivičnu odgvornost prikazujući postupke unesrećenog kao napadno djelovanje , svoje postupke kao odbijanje napada , što bi nosili elemente nužne odbrane .

Medjutim , analazirajući odbranu optuženog kao i sadržaja iskaza u ovoj krvičnoj stvari saslušanih svjedoka utvrdjuje se da optuženi nije objektivno prikazo dinamiku predmetnog dešavanja . Naime, iz sadržaja iskaza svih saslušanih svjedoka a ponajprije iskaza svjedoka Čaušević Jasmina utvrdjuje se da se događaj odigrao na navedenoj lokaciji te da je izmedju optuženog i unesrećenog došlo do spora vezano za naftu koju je optuženi prenosio preko granice. Tako svjedok Čaušević Jasmin u svome iskazu ističe da je na odnosnoj lokaciji vidio optuženog koji je bio naružan automatskom puškom a isti je nosio nafti u kojem momentu je unesrećeni Derviš , kao vojni policajac pitao optuženog čija je to nafta te da se nafta ima oduzeti i odnijeti u Komandu , čemu se suprostavio optuženi pa je tako došlo do raspravljanja izmedju njih , a ovaj svjedok , kako ističe " znajući da će se nešto desiti" krenuo je uz jednu uzbrdicu prema automobilu te idući tako uz uzbrdicu okrenuo se kad je vidio Okića kako je reportirao svoju pušku , a zatim je optuženi i reportirao i svoju pušku kojom prilikom se čula pucnjava , prema iskazu ovog svjedoka pucala su obojica i ne može se izjasniti koji je od njih pucao u kojem prvcu . Nakon ovoga ovaj svjedok je pozvao svoga brata , a zatim su došli na lice mjesta te kada su prišli Pajazetoviću isti je uperio pušku u njih kojom prilikom optuženi Pajazetović im je rekao da nije kriv , ali isto tako ovaj svjedok zapaža i ističe da se optuženi , kako izjavljuje, "preplašio nas" , a zatim je svjedokov brat uzeo pušku od optuženog , a zatim su otišli do mjesta gdje je ležao unesrećeni koji je ležao a puška mu je bila oštećena . Ovaj svjedok nadalje ističe da je optuženi nakon toga odvežen u bolnicu.

EXT-PAJAZETOVIC-0032

Svjedok ŠAKANOVIĆ SAMIR u svome iskazu ističe da je u odnosno vrijeme bio pripadnik 506 brigade, rasporedjen na dužnosti komandira čete a koja jedinica je imala zadatak obezbedjenja državne granice . Nadalje ističe da je borcima bilo dozvoljeno nabavljati naftu preko granice i to manjim količinama radi obrede njihova imanja . Što se tiče odnosnog dogadjaja ističe da mu je poznato da unesrećeni Derviš pokušao oduzeti kanister nafte od optuženog te da su oni od ranije bili u lošim odnosima . Nadalje ovaj svjedok ističe da nije neposredni očevidac dogadjaja već se u to vrijeme nalazio u obližnjej kući u kojoj je bila smještena komanda čete kojom prilikom je čuo jedan rafal a potom i drugi de kada je došao na lice mjesta zatekao je Okića kako leži mrtav a optuženog koji je upreo pušku u njega rekavši pri tom da je raljen u nogu .

Svjedok KLIČIĆ SENAD u svome iskazu ističe da je unesrećeni Okić Derviš kao vojni policajac vršio svoju dužnost te da su imali naredbu kako treba postupati u slučaju prelaska granice vezano za šverc pa je tako rekao da je naredjivao policiji rastjerivanje gradjana koji su švercali na državnoj granici i to u zoni njihove jedinice .

Svjedoci PAJAZETOVIĆ MEHMED I ČAUŠEVIĆ NIJAZ , nisu očevidci dogadjaja ali ističu da su čuli pucnje jer su se nalazili u automobilu koji se nalazio u blizini lica mjesta , te kada su stigli na lice mjesta zatekli su Okića kako leži mrtav a optuženi Pajazetović je uperio pušku u njih rekavši pri tom da je ranjen . I konačno svjedok Miljković Fikret u svome iskazu ističe da se nalazio u porodičnoj kući koja je bila udaljena 50 metara od mjesta dogadjaja te da je igrao karte kojom prilikom je čuo pucnje koji su dopirali sa granice da je nakon izvjesnog vreemena donijeli optuženog Dževada do njegovog auta i isti je bio ranjen u nogu . Ovaj svjedok nadalje ističe da je vidio i mrtvo tijelo unesrećenog Okića i to u jednoj garaži , a isti je autom odveženo u mrtvačnicu Doma zdravlja Velika Kladuša.

Iz medicinske isprave Doma zdravlja Velika Kladuša 25.10.1994. godine utvrdjuje se da je u toj ustanovi pregledano mrtvo tijelo unesrećenog kojom prilikom je ljekar konstotovao vidne rane u visini trećeg ili četvrtog rebra desno u visini prednje aksiralne linije ulazna rana nanešena vatrenim oružjem sa izlazom ispod vrha lijeve lopatice . Dalje se navodi razderotina na lijevoj podlaktici dužine 4 cm kao i vidna oštećenja na ruci i to na trećem i četvrtom prstu razderotine dužine 1-2 cm a ispod lijevog koljena prostrelana izlazna rana sa faktorum natkoljenične kosti sa vanjske strane ulazna rana u visini glave golenjače .

Dakle, nakon ovakvog provedenog dokaznog postupka svestrano analizirajući sadržaj odbrane optuženog dovedeći u vezu i sa ostalim u ovom stvari provedenim dokazima formalno logičnim pojmenjem te cijeneći dinamiku predmetnog dešavanja kao i ispuljene postupke koji su se kao pojava manifes-

EXT-PAJAZETOVIC-0033

tovali i to kako od strane oštećenog tako i od strane optuženog, nedvojbeno se zaključuje da je optuženi, svjesno , voljno i hotimično iskoristio postupke oštećenog, kao službenog lica, koji se ponašao , po pravilima službe a koji su se očitovali u tome da je nastojao spriječiti optuženog u nelegalnoj nabavci nafte pa kada se ovome optuženi nije povinovao došlo je do njihovog medjusobnog verbalnog duela a kada je oštećeni u znak upozorenja i ispucao iz vatrenog oružja, optuženi je , shodno utvrdjeno i prikazanoj dinamici dogadjaja, po uvjerenju ovog suda iskoristio takve postupke oštećenog te voljno i hotimično upotrebljavajući vatreno oružje rafalno ispucao koja radnja je rezultirala usmrćenjem unesrećenog, kao vojnog policajca

, pa se tako u radnjama optuženog kako u objektivnom tako i u subjektivnom smislu stiču svi bitni elementi bića krivičnog djela za koje je ovom presudom i oglašen krivim. U prikazanoj i utvrdjenoj dinamici dogadjaja i optuženi je zadobio povredu i to u predjelu noge , što je rezultat nastojanja oštećenog , kao službenog lica da se optuženi povinuje njegovom naredjenju zbog čega je unesrećeni i pucao u znak upozorenja , u kojim okolnostima i prilikama , a obzirom na rizične postupke optuženog i ovakav postupak unesrećenog a obzirom na njegovo svojstvo nalazio se u domenu pravila službe i ni u kojem slučaju takvo ponašanje unesrećenog nemože se smatrati napadnim djelovanjem na optuženog niti se može zaključiti da je unesrećeni svojim takvim postupcima htio ugroziti život optuženog , a optuženi od takvog slijeda dogadjaja , po uvjerenju ovog suda koristi takvu jednu situaciju i pucajući rafalno iz vatrenog oružja proizvodi posljedicu predmetnog krivičnog djela voljno i hotimično ispoljavajući pri tom direktni umišljaj kao najači oblik vinosti.

Odlučujući o visini krivične sankcije shodno odredbi čl. 40 KZ F BiH sud je cjenio da je optuženi oženjen čovjek i otac dvoje malodobne djece , kao i činjenicu da se predmetni dogadjaj odigrao u uslovima ratnog stanja i u datim prilikama i okolnostima . Zbog toga je sud uvjerenja da ć e se upravo sa odmerenom zatvorskom kaznom u cijelosti postići svrha kažnjavanja.

Po čl. 48 optuženom je u izrečenu kaznu zatvora valjalo uračunati vrijeme koje je proveo u pritvoru počev od 18.12.19995. godine do 10.04.1996. godine .

Slijedom izloženog odlučeno je kao u izreci ove presude.

PRAVNA POUKA
Protiv ove presude dozvoljena je žalba koja se podno Vrhovnom sudu F BiH u Sarajevo u roku od 5 dana od dana prijema iste a putem ovog

Predsjednik vijeća,
Hadžić Šerman

## Certificate to be Attached to Documentary Evidence Accompanying Requisitions in the United States for Extradition

### AMERICAN FOREIGN SERVICE

Sarajevo, Bosnia and Herzegovina, November 28, 2018

I, Scott A. Norris, Consul of the United States of America in Sarajevo, Bosnia and Herzegovina, hereby certify that the annexed papers, being additional extradition documents proposed to be used upon an application for the extradition from the United States of Dzevad Pajazetovic, charged with the crime of "murder" alleged to have been committed in Bosnia and Herzegovina, are properly and legally authenticated so as to entitle them to be received in evidence for similar purposes of the tribunals of Bosnia and Herzegovina, as required by Title 18, United State Code, Section 3190.

In witness whereof I hereunto sign my name and cause my seal of office to be affixed this 28th day of November, 2018.

Scott A. Norris

Consul of the United States of America
U.S. Embassy Sarajevo

Bosna i Hercegovina
MINISTARSTVO PRAVDE



Босна и Херцеговина
МИНИСТАРСТВО ПРАВДЕ

Broj: 08-14-7-5553/16
Datum: 16.08.2017. godine

**MINISTARSTVO PRAVDE**
**SJEDINJENIH AMERIČKIH DRŽAVA**
-Ured za međunarodne poslove-
Krivično odjeljenje

**950 PENNSYLVANIA AVENUE, NW**
**WASHINGTON, D.C. 20530-0001**

N/r gosp. Marcus Busch

**HITNO!**

PREDMET: Pajazetović Dževad, ekstradicija

Veza: Vaš akt broj: 95-100-25337 od 27.01.2017. godine

Ministarstvo pravde Bosne i Hercegovine izražava poštovanje Ministarstvu pravde Sjedinjenih Američkih Država.

Vezano za ekstradicioni predmet Pajazetović Dževad imamo čast u prilogu vam dostaviti Zapisnik o prepoznavanju Općinskog suda u Velikoj Kladuši broj: 23 0 K 007083 00 Iks od 07.07.2017. godine i kopiju kartona lične karte sa fotografijom potraživanog Pajazetović Dževada, kao dopunu dokumentacije dostavljene uz molbu za izručenje imenovanog lica.

Ministarstvo pravde Bosne i Hercegovine koristi i ovu priliku da Ministarstvu pravde Sjedinjenih Američkih Država ponovo izrazi poštovanje i zahvalnost za saradnju.

S poštovanjem,

MINISTAR

Josip Grubeša

Prilog: zapisnik o prepoznavanju Općinskog suda u Velikoj Kladuši broj: 23 0 K 007083 00 Iks od 07.07.2017. godine s prevodom
na engleski jezik;
kopiju kartona lične karte s prevodom na engleski jezik;

| Bosnia and Herzegovina<br>MINISTRY OF JUSTICE |  | Босна и Херцеговина<br>МИНИСТАРСТВО ПРАВДЕ |
| --- | --- | --- |

Number: 08-14-7-5553/16
Date: 16 August 2017

**UNITED STATES DEPARTMENT OF JUSTICE**          **URGENT!**
**-Office of International Affairs-**
**Criminal Division**

**950 PENNSYLVANIA AVENUE, NW**
**WASHINGTON, D.C. 20530-0001**

**Attn. Mr. Marcus Busch**

SUBJECT: Pajazetović Dževad, extradition

Reference: Your note number: 95-100-25337 of 27 January 2017

The Ministry of Justice of Bosnia and Herzegovina presents its compliments to the United States Department of Justice.

Concerning the extradition case of Pajazetović Dževad we are honored to submit to you in the attachment the Record on recognition of the District Court in Velika Kladuša number: 23 0 K 007083 00 Iks of 07 July 2017 and a copy of the form with personal details and photograph of the accused Pajazetović Dževad, as supplement to the documentation submitted with the extradition request for the stated person.

The Ministry of Justice of Bosnia and Herzegovina avails itself of this opportunity to renew to the United states Department of Justice the assurances of its highest consideration and gratitude for cooperation.

Best wishes

**M I N I S T E R**

**Josip Grubeša**

Enclosure: Record on recognition of the District Court in Velika Kladuša number: 23 0 K 007083 00 Iks of 07 July 2017 with translation into English.
Copy of the form with personal information with translation into English.

Sarajevo, Trg BiH 1, www.mpr.gov.ba, red.ministra@mpr.gov.ba
Tel: +387 33 281 556, Fax: +387 33 201 653

I hereby certify that this translation fully corresponds to the original written in Croatian.
Date: 19 August 2017
Certified Court Interpreter for English and German – Marina Čotić

BOSNIA AND HERZEGOVINA
FEDERATION OF BOSNIA AND HERZEGOVINA
UNA-SANA CANTON
MUNICIPAL COURT IN VELIKA KLADUŠA
No. 23 0 K 007083 00 Iks
Velika Kladuša, 7 July, 2017

## RECORD ON RECOGNITION

Made in the Municipal Court in Velika Kladuša, on 7 July, 2017, commenced at 10:30, in the case of convicted Dževad Pajazetović, son of Mujo and Asima, nee Zolić, born on 5 October, 1962, in Velika Kladuša, who was legally convicted on 12 December, 2000, to punishment by imprisonment of 11 years, into which the time he had spent in custody from 18 December, 1995 to 10 April, 1996, was calculated. This was a Verdict of a Cantonal Court in Bihać, no. K 151/97, dated on 20 October, 1999, which was modified by the Verdict of the Supreme Court of Federation of Bosnia and Herzegovina, no. Kž: 294/00, dated on 12 December, 2000, for the criminal offence of murder stipulated in Article 171, para 2, line 6 of the Criminal Code of Federation of Bosnia and Herzegovina, in the procedure of extradition request.

Court officials present:
Court president: Jasmina Miljković
Record keeper: Sumeja Kovačević Agić

Witness approaches: Nijaz Čaušević, identity confirmed by ID card no. 060M01T71, issued on 12 June, 2014, by the Ministry of Internal Affairs of Una-Sana Canton, Velika Kladuša.

This Court brings the

## DECISION

Hearing on recognition of the convicted Dževad Pajazetović by the witness Nijaz Čaušević is to be held, by the insight into the photograph – identity card file of the convicted Pajazetović Dževad.

The witness is warned about the consequences of giving false statement, and replies to the Court's questions as follows: I was born in Velika Kladuša and I know Pajazetović Dževad. We were enlisted at the same time in 1992, at the beginning of the war in Bosnia and Herzegovina, and we belonged to the 521 Brigade of the 5th Corps of the Bosnia and Herzegovina Army. I know him well, since we were born in the same town, as well as because we were in the same Brigade. I know when this incident occurred, which led Pajazetović Dževad to be convicted, and I was not present from the beginning. When I heard the shooting, my colleagues and I went to the place from where we heard the shots. This was by the water and the border between Bosnia and Herzegovina and Republic of Croatia. I saw Okić Dževad on the ground, I cannot remember, but I think that he was dead. Pajazetović Dževad was there, some 10 meters away and he was wounded. This incident was reported afterwards and I was heard as a witness, I cannot remember if it was by the police or the army since it was long ago, in 1994. My memory is not as good as it used to be.

EXT-PAJAZETOVIC-0038

The witness is then presented by the photograph from the identity card file of the convicted Dževad Pajazetović, which was scanned into this record.

Photograph no. 1

**Form no. 4**
**IDENTITY CARD FILE**

| 0 | 5 | 1 | 0 | 9 | 6 | 2 | 1 | 1 | 3 | 8 | 4 | 0 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

| | |
|---|---|
| | PAJAZETOVIĆ |
| PICTURE | (LAST NAME) |
| | DŽEVAD |
| | (FIRST NAME) |
| | MUJO |
| | (ONE OR BOTH PARENTS' NAMES) |
| 10820/96 | NEPEKE |
| Registry no. | (PLACE OF BIRTH) |
| BH0426814 | B |
| Series and serial no | O |
| | R |
| 12 Dec, 1996 | N |
| Date issued | BOSNIA AND HERZEGOVINA |
| | (REPUBLIC, PROVINCE, COUNTRY) |
| 10 years | MUSLIM |
| Valid for | (NATIONALITY, NAT. MINORITY) |
| | (OCCUPATION) |
| Blood type | 6 I Muslimanske brigade |
| | (RESIDENCE AND ADDRESS) |
| Right index fingerprint | (ID CARD OWNER SIGNATURE) |
| (not visible) | Pajazetović Dževad (legible) |
| | (OFFICIAL'S SIGNATURE) |

After the insight into photograph no. 1, for the purpose of identification of the convicted Dževad Pajazetović, the witness gives the following

STATEMENT

I, Nijaz Čaušević, after seeing this photograph, state and claim, under full criminal liability, that this is the photograph of Dževad Pajazetović, and that he was present during this incident, as well as that he was later on convicted for the criminal offence of murder of Okić Derviš.

After reading this record, the witness Nijaz Čaušević states that the record was truthfully made, that he confirms his statement in this record and that the photograph of Dževad Pajazetović is scanned into this record.

Witness Nijaz Čaušević
(signed)

Completed at: 10:50

Record keeper:
Sumeja Kovačević Agić
(signed, illegible)

Judge:
Jasmina Miljković
(signed, illegible)

I verify that this translation corresponds in its totality to the original composed in Bosnian language.

Entry number: 21/2017

Date: 21 July, 2017

Place: Velika Kladuša

Nizama Muhamedagić

Certified Court Interpreter for English language

EXT-PAJAZETOVIC-0040

BOSNA I HERCEGOVINA
FEDERACIJA BOSNE I HERCEGOVINE
UNSKO SANSKI KANTON
OPĆINSKI SUD U VELIKOJ KLADUŠI
Broj: 23 0 K 007083 00 Iks
Velika Kladuša, 07.07.2017. godine

# ZAPISNIK O PREPOZNAVANJU

Sačinjen u Općinski sud u Velikoj Kladuši, dana 07.07.2017. godine sa početkom u 10:30 sati, u predmetu osuđenog Dževada Pajazetović sin Muje i majke Asime rođ. Zolić, rođen 05.10.1962. godine u Velikoj Kladuši, a koji je pravomoćno osuđen 12.12.2000. godine, na kaznu zatvora od 11 godina, u koju kaznu je uračunato vrijeme koje je proveo u pritvoru od 18.12.1995. godine do 10.04.1996. godine, a sve po presudi Kantonalnog suda u Bihaću br. K: 151/97 od 20.10.1999. godine, koja je preinačena presudom Vrhovnog suda F BiH br. Kž:294/00 od 12.12.2000. godine, zbog počinjenog krivičnog djela – Ubistvo iz člana 171. stav 2. tačka 6) KZ F BIH, u postupku za traženje ekstradicije osuđenog.

Od suda prisutni
Predsjednica suda: Jasmina Miljković
Zapisničar: Sumeja Kovačević Agić

Pristupio svjedok: Nijaz Čaušević, identitet utvrđen uvidom u ličnu kartu br. 060M01T71, izdana dana 12.06.2014. godine, MUP USK Velika Kladuša

Nakon toga sud donosi:

## RJEŠENJE

Održaće se ročište za prepoznavanje osuđenog Dževada Pajazetović od strane svjedoka Nijaza Čauševića, a prema fotografiji – kartona lične karte osuđene Pajazetović Dževada.

Svjedok se upozorava na posljedice davanja lažnog iskaza, pa na pitanja suda daje slijedeće odgovore: Ja sam rođen u Velikoj Kladuši i poznavao sam Pajazetović Dževada, te smo u isto vrijeme bili mobilisani negdje 1992. godine, početkom rata u BiH i bili smo pripadnici iste 521. brigade jedinica 5. Korpusa Armije BiH, pa sam ga dobro poznavao, kako iz razloga što smo rođeni u istom mjestu, tako i iz razloga jer smo bili u istoj brigadi. Znam kada se desio ovaj događaj za koji je Pajazetović Dževad osuđen, nisam bio lično prisutan od samog početka tog događaja, već tada sam čuo pucnjavu ja sam sa ostalim kolegama uputio se do mjesta odakle se čula pucnjava, to je bilo pored vode i granice BiH i R Hrvatske i tada sam ugledao Okić Derviša kako leži, ne sjećam se, čini mi se da nije davao znake života i tu je bio i Pajazetović Dževad, možda nekih 10-tak metara je bio razmak između njih dvoice, te je i Dževad bio ranjen. Uglavnom, nakon toga uslijedila je prijava ovog događaja i ja sam saslušavan kao svjedok, ne znam je li to bilo u policiji ili u vojsci, jer to je bilo davno, još 1994. godine, pa me sjećanje više dobro ne služi

Svjedoku se potom prezentira fotografija sa kartona lične karte osuđenog Dževada Pajazetović, koja je fotografija skenirana na ovaj zapisnik:

Fotografija br. 1

1

EXT-PAJAZETOVIC-0041

# Karton lične karte

|0|9|/0|9|6|7|1|/|3|8|4|0|
Jed. mat. broj

PAJAZETOVIĆ
(PREZIME)

DŽEVAD
(IME)

HUJO
(IME JEDNOG ILI OBA RODITELJA)

ZEPLJE
(MJESTO ROĐENJA)

VALIKA KLADUŠA
(OPĆINA)

(REPUBLIKA - POKRAJINA - DRŽAVA)

MUSLIMAN
(PRIPADNOST NARODU-NARODNOSTI)

(ZANIMANJE)

(PREBIVALIŠTE I ADRESA)

10820/96
(REG. BROJ)

(SERIJA I SER. BR.)

12.12.199
(DATUM IZDAVANJA)

10 godina
(ROK VAŽENJA)

(OZNAKA RKV. GR.)

OTISAK DESNOG
KAŽIPRSTA

(POTPIS IMAOCA LIČNE KARTE)

(POTPIS SLUŽBENOG LICA)

Svjedok nakon uvida u fotografiju br. 1, radi identifikacije osuđenog Dževada Pajazetović daje slijedeću

## IZJAVU

Ja, Nijaz Čaušević, nakon što sam vidio ovu fotografiju, izjavljujem pod punom krivičnom odgovornošću i tvrdim da je na ovoj fotografiji Dževad Pajazetović i da je on bio prisutan ovom događaju i da je kasnije suđen za počinjeno krivično djelo ubistva Okić Derviša.

Nakon što je pročitao zapisnik, svjedok Nijaz Čaušević izjavljuje da je u zapisniku sve vijerno upisano i da potvrđuje svoju izjavu sa ovog zapisnika i da je na zapisnik skenirana fotografija Dževada Pajazetovića.

Svjedok Nijaz Čaušević

Završeno: 10:50 sati

Zapisničar
Sumeja Kovačević Agić

Sutkinja
Jasmina Miljković

2