IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| In the Matter of the Extradition of | ) | |
| | ) | Case No. 4:21-MC-014 |
| DŽEVAD PAJAZETOVIĆ | ) | |
| | ) | |
| | ) | |

## UNITED STATES' MOTION TO REVOKE RELEASE AND TO DETAIN DŽEVAD PAJAZETOVIĆ

The United States of America, by Richard D. Westphal, United States Attorney for the Southern District of Iowa, and through Jason T. Griess, Assistant United States Attorney, hereby files this Motion to Revoke Release and to Detain Dževad Pajazetović ("Pajazetović"), so that the United States may execute the Secretary of State's decision to surrender Pajazetović to Bosnia and Herzegovina ("Bosnia").

### I.    Introduction

After this Court's certification of Pajazetović's extradition, the Secretary of State decided, pursuant to 18 U.S.C. § 3186 and the extradition treaty between the United States and Bosnia (the "Treaty"),[1] to surrender Pajazetović to Bosnia to serve an 11-year term of imprisonment based on his conviction for murder in violation of Article 171, paragraph 2, line 6 of the Criminal Code of the Federation of Bosnia and Herzegovina.  Pajazetović has not sought or obtained any judicial stays of extradition. Thus, there are no legal impediments to Pajazetović's surrender to Bosnia. Accordingly, the Court should order him remanded into custody so that the

---

[1] Treaty Between the United States and Servia for the Mutual Extradition of Fugitives from Justice, U.S. Yugo., Oct. 25, 1901, 32 Stat. 1890.

government may effectuate his physical surrender to Bosnian authorities for transportation to Bosnia pursuant to the Secretary's surrender decision.

## II.     Procedural Background

This case arises out of the request for Pajazetović's arrest, extradition, and surrender submitted by Bosnia to the U.S. Department of State on September 29, 2016.  *See* Dkt. 17 at 3. The extradition request is based on an October 20, 1999, judgment by the Cantonal Court in Bihać convicting Pajazetović of murder and sentencing him to 15 years' imprisonment.  On appeal, the Supreme Court of Bosnia upheld Pajazetović's conviction but reduced his sentence to 11 years' imprisonment; a judge for the Cantonal Court in Bihać ordered the execution of the 11-year prison sentence on December 19, 2000.  *See* Dkt. 14.

Pajazetović was arrested in this District on March 1, 2021.  Dkt. 7.  On May 14, 2021, following briefing from both parties, the Court held an extradition hearing pursuant to 18 U.S.C. § 3184.  Dkt. 26.  On July 13, 2021, the Court issued a decision certifying Pajazetović's extradition to the Secretary of State and simultaneously ordering Pajazetović released from custody pending the Secretary of State's final determination on whether to issue a surrender warrant authorizing Pajazetović's extradition to Bosnia.  Dkt. 28.

Thereafter, on June 6, 2022, the Secretary of State issued a warrant ordering Pajazetović's surrender to Bosnia on the charge for which his extradition was requested.

## III.   ARGUMENT

Extradition is a means by which a fugitive is returned to a foreign country, typically pursuant to a treaty, to face criminal charges or to serve a sentence of imprisonment.  Pursuant to Section 3184, an extradition judge holds a hearing to consider the evidence of criminality presented by the foreign country and to determine whether it is "sufficient to sustain the charge under the provisions of the proper treaty or convention."  18 U.S.C. § 3184; *see United States v. Wiebe*, 733 F.2d 549, 553 (8th Cir. 1984).  If the judge finds that the evidence is sufficient as required under Section 3184, he or she "shall certify [his or her findings] . . . to the Secretary of State."[2]  The Secretary of State, and not the judge, ultimately decides whether to surrender the fugitive to the foreign country.  18 U.S.C. § 3186; *see, e.g., Prasoprat v. Benov*, 421 F.3d 1009, 1012 (9th Cir. 2005).

Pajazetović's detention is now necessary because the Secretary of State has issued a warrant for his surrender, and Pajazetović's extradition is not subject to any stay.  There are, therefore, no legal impediments to surrender.  Moreover, physical surrender of a fugitive is usually carried out by the U.S. Marshals Service, which coordinates transfer of custody of the person to be surrendered to the foreign authorities.  In order to effect the surrender, the fugitive must be detained beforehand so as to ensure that he will be available for the transfer of custody, as well as to ensure the safety and security of those involved in executing the surrender.

---

[2] Pursuant to Section 3184, after a judge has certified an extradition, he or she "shall issue his warrant for the commitment of the person so charged to the proper jail, there to remain until [the person's] surrender shall be made."  18 U.S.C. § 3184.

3

If this Court remands Pajazetović, he will be taken into custody by the U.S. Marshals Service, and the government will arrange for his transfer to the custody of Bosnian authorities.  It is the usual practice of the United States to surrender a fugitive to the requesting country as expeditiously as possible after the Secretary has issued a surrender warrant when no legal impediments to surrender exist.

Thus, in accordance with Section 3184, the Secretary's decision on Pajazetović's surrender pursuant to Section 3186, and the Treaty, this Court should order Pajazetović remanded into custody pending the arrival of duly authorized representatives from Bosnia.

## III.   CONCLUSION

Based upon the foregoing, the United States respectfully requests that the Court issue an order revoking Pajazetović's release, directing the U.S. Marshals Service to take Pajazetović into custody for purposes of extradition and surrender to Bosnia, there to remain until the arrival of duly authorized representatives from Bosnia, and providing that such order supersedes and revokes any prior release order.

Respectfully submitted,

Richard D. Westphal
United States Attorney

By:  */s/ Jason T. Griess*
Jason T. Griess
Assistant United States Attorney
U. S. Courthouse Annex, Suite 286
110 East Court Avenue
Des Moines, Iowa  50309
Tel:  (515) 473-9302
Fax:  (515) 473-9652
Email:  Jason.Griess2@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2022, I
electronically filed the foregoing with the
Clerk of Court using the CM ECF system.  I hereby
certify that a copy of this document was served
on the parties or attorneys of record by:

_____U.S. Mail _____ Fax _____Hand Delivery

  X   ECF/Electronic filing    X   Other means (e-mail)

UNITED STATES ATTORNEY

By: /s/  *Jason T. Griess*
    Assistant U.S. Attorney